(156 App. Div. 575.)

### STEFFE v. HEINZER et al.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. PLEADING (§ 246*)—AMENDMENT OF COMPLAINT.

If the complaint did not allege facts sufficient to constitute a cause of action, service of an amended complaint should not have been allowed, unless the defect in the original was one of form, which could have been cured on the trial without changing the issues or prejudicing defendants.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 676–683; Dec. Dig. § 246.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. PLEADING (§ 239*)—AMENDMENT—COSTS.

Where the complaint was insufficient, so that defendant had the right to move for a dismissal, plaintiff's motion to amend should only be allowed with costs.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Appeal from Trial Term, New York County.

Action by Frank J. Steffe against Frederick W. Heinzer and others. From an order granting leave to serve an amended complaint, defendants appeal. Reversed, and motion for leave to amend denied, with leave to renew.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Julius D. Tobias, of New York City (Isaac Josephson, of New York City, of counsel), for appellants.

Benjamin S. Catts, of New York City (Edgar Allen Pollack, of New York City, of counsel), for respondent.

PER CURIAM. This was an action for false imprisonment. It came on for trial at Trial Term. After a jury had been selected and sworn, the defendants moved to dismiss the complaint, upon the ground that it failed to set forth facts sufficient to constitute a cause of action. The court granted the motion. Thereupon the plaintiff moved for leave to withdraw a juror and for leave to amend his complaint. No proposed amendment was submitted or dictated to the stenographer. The court granted the motion, and directed that plaintiff serve an amended complaint on or before the 20th of February, 1913, without costs, that plaintiff should not be required to file a new note of issue or notice of trial, and the action be placed on the day calendar for the 28th of February, 1913.

[1] The learned trial court, having determined that the complaint did not state facts sufficient to constitute a cause of action, ought not to have allowed the service of an amended complaint, unless the defect was one merely of form, which could properly have been cured on the trial without changing the issues or prejudicing the defendant. In a more serious case the trial court should have given leave to the plaintiff to apply at the Special Term for an order permitting the service of an amended complaint, where proper terms could have been imposed, upon granting the favor asked.

[2] The complaint being insufficient, as determined by the trial court, defendants had the right to rely upon its insufficiency, and to move, at the opening of the case, for a dismissal, and should not be punished for exercising their legal rights by the withholding of costs upon the granting of a motion to amend.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for leave to amend denied, with $10 costs, with leave to the respondent to apply to the Special Term for such leave upon proper terms.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes